IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 27 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

WILLIE GREEN, )
 )
Plaintiff, )
 )
v. ) No. CIV 07-037-RAW-SPS
 )
MARTY SIRMONS, et al., )
 )
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #2], the defendants' motion [Docket #38], plaintiff's response [Docket #39], and a special report [Docket #37] prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations at that facility. The defendants, all staff at OSP, are Warden Marty Sirmons, Trust Fund Accountant Teresa Alexander, Unit Manager Marty Rucker, Security Correctional Officer Shawn Chumley, and Correctional Officers Ronald Barnes, Eugenia Everly, Wayne Riley, Scott Slater, Bradley Suter, Edward Garvin, John Thomas, John Doe #1, and John Doe #2.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action

Plaintiff alleges that on the morning of September 13, 2006, he informed Defendants Rucker and Chumley that he was having problems with Inmates Gary Thompson and Nickey Anderson, but both Rucker and Chumley advised plaintiff he should not be concerned. A few hours later, plaintiff was released from his cell for his scheduled one-hour outdoor exercise on the East Cell House yard. While he was waiting in the kitchen to go to the exercise yard, Inmates Thompson and Anderson brutally attacked and repeatedly stabbed him. Plaintiff claims that instead of helping him, Defendant Barnes locked him in the kitchen area with his attackers, preventing his escape from them.

According to plaintiff, on the day in question, Defendants Barnes, Everly, Riley, and John Doe #1 failed to perform required clothing and strip searches before the inmates left their cells, allowing the attackers to take a homemade knife from their cell and use it to stab him. After Defendant Barnes locked plaintiff in the kitchen area with the other inmates, Defendants Barnes, Everly, Chumley, Slater, Suter, Garvin, Riley, Thomas, John Doe #1, and John Doe #2 all simply stood and watched the attack for approximately 15-20 minutes before intervening. In further support of his claim, plaintiff contends this incident was the second time he has been stabbed because of failure to search inmates before allowing them on the exercise yard. The earlier attack allegedly occurred on October 21, 2004. Plaintiff maintains the defendants' deliberate indifference denied him his constitutional rights and caused him to suffer intense physical and emotional injuries. Defendants Sirmons and his deputy wardens allegedly conspired by not adequately training, supervising, and disciplining OSP

---

against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

staff, and Defendants Rucker and Chumley conspired to limit the investigation into plaintiff's claim that he had expressed safety concerns before the attack.

Plaintiff also asserts the defendants conspired to conceal their unlawful actions by creating a version of the events in an attempt to exonerate themselves from any wrongdoing. The defendants allegedly attempted to bribe plaintiff with promises of allowing him to keep his institutional job and earned credit level, if he did not complain about the second attack. Defendants Chumley and Barnes then allegedly lied about finding home brew in plaintiff's cell, causing plaintiff to receive a bogus misconduct and to lose his prison job and earned credit level.

The defendants have moved the court for summary judgment, based on plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). For the reasons set forth below, the court finds plaintiff has failed to meet his burden to overcome the defendants' motion.

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may

3

submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance. If the grievance does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The special report shows that on September 13, 2006, while the inmates were being escorted to the exercise yard by four officers, plaintiff was attacked by one inmate, and then three more inmates became involved in the altercation. The escort staff ordered the inmates to stop fighting, separated the uninvolved inmates, secured the area, and called for assistance. Additional officers arrived in approximately five minutes, but the inmates already had complied with orders to separate. Plaintiff was escorted to the institutional health care center where he was treated for eight superficial cuts and abrasions, none of which required sutures. A Serious Incident Report, a Preliminary Report, and a Serious Incident Review were completed by the officials who investigated the altercation. It was determined that the security policy regarding the movement of prisoners to the exercise yard was followed on the date of the incident.

Defendants Rucker and Chumley deny that plaintiff told them he was having problems with Inmates Thompson and Anderson or that plaintiff's safety was being jeopardized. Instead, Rucker and Chumley state by affidavit that the only issue plaintiff had raised was whether he would lose his prison job, if he got into a fight.

The record shows that plaintiff has not exhausted his administrative remedies for the claims in this lawsuit. He submitted a Request to Staff dated September 15, 2006, concerning the stabbing and his prison job. The response stated that if plaintiff was cleared in the investigation, he would he restored to his former position. On October 30, 2006,

4

plaintiff sent page 1 of Grievance No. 06-2434 to the DOC Director, but it was returned unanswered with instructions to comply with the grievance procedures. On October 31, 2006, plaintiff submitted Grievance No. 06-2594 to the warden, who denied relief. Plaintiff then appealed to the DOC Director on November 20, 2006, but the appeal was returned as untimely.

With respect to plaintiff's allegedly "bogus" misconduct, the record shows he pleaded guilty at his December 6, 2006, disciplinary hearing for Manufacture of Intoxicants. There is no indication he has exhausted his administrative remedies for his claim that this misconduct was improper.

Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "[A] claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006). After careful review, the court finds plaintiff has failed to exhaust the administrative remedies for any of his claims against the defendants.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #38] is GRANTED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this _____ day of March 2008.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**